### RIKER v. VAUGHAN.

1. Jurisdiction of the person of an infant can only be obtained by pursuing the mode prescribed by statute. The mode of serving a summons upon a non-resident minor, stated.

2. Acceptance or acknowledgment of service out of the State by a nonresident is equivalent to personal service, and a sufficient service, only where there has been an order for publication.

3. An infant is incapable of making himself a party to an action by accepting service, so as to be bound by a judgment therein. *Finley* v. *Robertson,* 17 *S. C.,* 439.

Before ALDRICH, J., Charleston, April, 1885.

The opinion fully states the case.

*Messrs. Wilmot G. DeSaussure* and *Henry A. DeSaussure,* for appellants.

*Messrs. J. Barrett Cohen* and *H. L. P. Bolger,* contra.

July 3, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. Under proceedings for partition certain real estate in the County of Charleston was sold, and two of the purchasers declining to comply, a rule was taken out which, at the hearing below, was discharged, upon the ground that M. A. Riker, a minor, one of the parties interested in said real estate, had not been properly made a party so as to bind his interest, and therefore the purchasers were not bound to accept the title tendered. The only question made by the appeal is whether said minor had been properly made a party.

The facts are conceded, and are as follows : M. A. Riker is a minor, above the age of fourteen years, resident in the State of Tennessee, and was named as one of the defendants in the action.

There was no order for publication of the summons, but the summons was sent to Tennessee and returned with the following endorsement thereon : "We acknowledge service of the summons and complaint in this action. (Signed) Charles H. Vaughan, Lelia A. Vaughan, and as those with whom the minor defendant, Martin A. Riker, resided. (Signed) M. A. Riker."

Within twenty days thereafter the said M. A. Riker filed his petition, sworn to, setting forth that the case had been begun by service of summons upon the petitioner, &c. ; that petitioner was fifteen years of age, and praying the appointment of Wm. A. Happoldt as guardian *ad litem*, who consented to serve, and was appointed.

Conceding that the endorsement on the summons, signed by the minor, though not in form an acknowledgment of service, when taken in connection with the statement in the petition of the minor asking for the appointment of a guardian *ad litem*, practically amounted to an acknowledgment of service, two objections are made by the respondents : 1. That there was no order for publication of the summons, and that such an order is necessary to give validity, even to actual and formal service of the summons where the party is out of the State. 2. That a minor is incapable of making himself a party to an action by accepting or acknowledging service of the summons.

The mode by which a person may be made a party to an action is prescribed by statute, and in the case of infants jurisdiction of their persons can only be obtained by pursuing the mode prescribed. As is said in *Finley* v. *Robertson*, 17 *S. C.*, at page 439 : "The mode of making infants parties to an action in a court of record is clearly and expressly prescribed by statute, and a due and tender regard for the rights and welfare of infants requires that this statute shall be strictly followed." Section 156 of the code provides the mode by which a non-resident of the State may be served with a summons so as to make him a party to the action, which is by obtaining an order for service by publication ; by publication of the summons for the prescribed time, and by depositing a copy of the summons in the post-office, directed to the person to be served, at his place of residence, where, as in this case, it is known. But the section goes on to

provide: "Where publication is ordered, personal service of the summons out of the State is equivalent to publication and deposit in the post-office." And then expressly declares: "In case of minors in like cases a similar order shall be made, and like proceedings be had, as in the case of adults."

This being the only mode provided by statute by which a non-resident minor can be made a party defendant to an action, the only question is whether this mode has been "strictly followed." It is quite clear that it has not. The statute, as one alternative, prescribes three things to be done: 1. The procuring of an order for service by publication. 2. The actual publication; and, 3. The deposit in the post-office of a copy of the summons, addressed to the person to be served, at his place of residence. And as the other alternative, two things: 1. The procuring of an order for service by publication. 2. Personal service of the summons out of the State. It is conceded in this case that no order for service by publication was ever obtained, and therefore the first requirement under either of the alternatives above presented has not been complied with. It may be that it is difficult to see any practical benefit to be derived from the order permitting service by publication, yet as the statute expressly requires it, we do not see by what authority we can dispense with that, any more than with any other requirement. So that, even if it should be conceded that the endorsement on the summons signed by the minor, taken in connection with the statement in his petition that the "case had been begun by service of summons upon petitioner," amounted to an acceptance or acknowledgment of service, and as such, equivalent to personal service, there would still be a fatal defect in the failure to obtain an order that the service might be made by publication, for the statute only provides that personal service out of the State shall be sufficient "where publication is ordered."

But, in addition to this, it has been expressly held in the case of *Finley* v. *Robertson*, *supra*, that "an infant is incapable of making himself or herself a party to an action by accepting service, so as to be bound by a judgment therein." It follows from this that even if the minor had, in the most formal manner, accepted or acknowledged service of the summons in this case,

he would not thereby have become a party to the action, so as to be bound by any judgment therein.

It is quite clear, therefore, that the non-resident minor, Martin A. Riker, not having been made a party to the action for partition in the mode prescribed by statute, is not bound by any proceedings therein, and that the rule was properly discharged.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

Mr. Justice McGowan, concurred.

Mr. Cheif Justice Simpson.   I feel constrained, under the authority of *Robertson* and *Finley*, to concur, otherwise I would hold that M. A. Riker, being over the age of fourteen, having acknowledged personal service, and having appeared and petitioned for the appointment of a guardian *ad litem*, which appointment was made, was a party before court and bound by the judgment.